**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BARBARA HARRIS** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **WAL-MART INC.** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I. INTRODUCTION

1. This is an action brought by Barbara Harris (Plaintiff") against Walmart Inc. ("Defendant") for legal and equitable relief to redress gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C 621, et. seq., and racial discrimination under 42 U.S.C. §1981a. Plaintiff was discriminated against due to her age in violation of the ADEA, and/or her sex in violation of Title VII, and/or her race under §1981. Plaintiff is a black female over the age of 40 and was discriminated against under the aforementioned statutes. Plaintiff seeks make whole relief including, but not limited to injunctive relief, equitable relief, instatement, back pay, front pay, nominal, damages, compensatory

damages, liquidated damages, and reasonable attorney fees and costs. She also seeks punitive damages.

## II. JURISDICTION

2. This Court has jurisdiction in accordance with 28 U.S.C. 28 U.S.C. §§ 1331, 1343, 1391, 2201, and 2202 and 42 U.S.C. §1981. Venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(b).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA and Title VII. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. On June 4, 2026, the Equal Employment Opportunity Commission issued a Right to Sue Notice. Plaintiff timely filed this lawsuit.

## III. PARTIES

4. Plaintiff Barbara Harris is an individual over the age of 40 years and a resident of Montgomery County, Alabama. Plaintiff is also a black female.

5. Defendant Walmart Inc. conducts business and is located in Montgomery County, Alabama. Defendant is an "employer" as defined under Title VII and the ADEA and is subject to compliance under those statutes.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff worked for Defendant for 29 years.

7. Plaintiff was terminated on or about September 25, 2025. Defendant failed to follow its progressive discipline policy.

8. Plaintiff was allegedly terminated for violation of a policy or policies surrounding associates purchasing clearance merchandise.

9. During her 29-year employment, Plaintiff never saw or was made aware of such a policy or policies. During that time, she completed hundreds of hours of training courses.

10. Such policy or policies surrounding associates and employees purchasing clearance merchandise were not part of her training.

11. On or about the same date Plaintiff was terminated, nine other associates were terminated for the same alleged violation. Defendant failed to follow its progressive disciplinary policy for these associates and employees.

12. This group of employees was also predominantly non-white, over forty and female.

13. Defendant was made aware that a large number of associates and employees outside Plaintiff's protected classes had also violated the policy, but those individuals were not terminated or disciplined.

14. On or around October 7, 2025, a second large group of associates and employees were terminated for the same alleged policy/policies violation.

15. Again, the second group of terminated associates and employees was predominantly non-white, female and over forty.

16. Again, associates who had violated the same policy or policies, but were not in Plaintiff's protected classes were not terminated or disciplined.

17. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

18. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V. CAUSES OF ACTION

### COUNT I – CLAIM OF DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

19. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

20. Plaintiff was fifty-five at the time of her termination for violation of alleged policy or policies surrounding associates purchasing clearance merchandise.

21. Plaintiff was never trained on or aware of such a policy. Defendant failed to use its progressive disciplinary policy.

22. Associates and employees under the age of forty who had violated the policy and of whom Defendant was aware were not terminated or disciplined.

23. Plaintiff was subjected to discrimination and was terminated due to her age and denied the enjoyment of all benefits, privileges, terms, and conditions of her employment in violation of the ADEA.

24. Defendant does not have a non-discriminatory reason for its conduct.

25. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits

26. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

**COUNT II – CLAIM OF GENDER DISCRIMINATION UNDER TITLE VII**

27. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

27. Plaintiff is female and a member of the protected class under Title VII.

28. Plaintiff was terminated for violation of alleged policy or policies surrounding associates and employees purchasing clearance merchandise. Defendant failed to follow its progressive discipline policy.

29. Plaintiff was never trained on or aware of such a policy.

30. Associates and employees who were male who had violated the policy and of whom Defendant was aware were not terminated.

31. Plaintiff was subjected to discrimination and was terminated due to her gender/sex and was denied the enjoyment of all benefits, privileges, terms, and conditions of her employment in violation of violation of Title VII.

32. Plaintiff was subjected to discrimination and was terminated and denied other terms and conditions of her employment due to gender/her sex in violation of Title VII.

33. Defendant does not have a non-discriminatory reason for its conduct.

34. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits

35. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

36. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

37. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**COUNT III – CLAIM OF RACIAL DISCRIMINATION SECTION 1981**

38. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail below.

39. Plaintiff is black and a member of the protected class under 42 U.S.C. §1981.

40. Plaintiff was terminated for violation of alleged policy or policies surrounding associates and employees purchasing clearance merchandise. Defendant failed to follow its progressive discipline policy.

41. Plaintiff was never trained on or aware of such a policy.

42. Associates and employees who were not black who had violated the policy and of whom Defendant was aware were not terminated.

43. Plaintiff was subjected to discrimination and was terminated and denied other terms and conditions of her employment due to her race in violation of under 42 U.S.C. §1981.

44. Defendant does not have a non-discriminatory reason for its conduct.

45. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits

46. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

47. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

48. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by Defendant, are violative of Plaintiff's rights as secured by the Title VII, and/or the ADEA, and/or under 42 U.S.C. §1981.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights, as well as those who are similarly situated pursuant to Title VII and/or the ADEA and/or under 42 U.S.C. §1981.

3. Award Plaintiff make-whole damages including but not limited to instatement, back pay plus interest, front pay, compensatory damages, liquidated, damages, retirement benefits and all other terms and conditions of her employment.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

Respectfully submitted,

*/s/ Russell W. Adams.*
Russell W. Adams (asb-376 0A62R)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
radams@wigginschilds.com

**PLAINTIFF REQUEST THAT DEFENDANT BE SERVED WITH A SUMMONS AND COMPLAINT BY FIRST CLASS U.S. CERTIFIED MAIL.**

**Defendant's Address:**
Walmart Inc.
c/o CT Corporation System-Registered Agent
2 North Jackson st., Suite 605
Montgomery, AL 36104

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Russell W. Adams*
OF COUNSEL